# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA
# WASHINGTON, D.C.

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | Criminal Case No.: 1:21-CR-00116-DLF |
| v. ) | |
| ) | Judge: The Honorable Dabney L. Friedrich |
| CALHOUN, William McCall, Jr. ) | |
| *Defendant.* ) | |

### DEFENDANT'S REPLY TO THE GOVERNMENT'S SENTENCING MEMORANDUM

COMES NOW, Defendant, William McCall Calhoun, Jr., through undersigned counsel of record, and respectfully files his reply to the Government's Sentencing Memorandum (ECF No. 171, dated July 21, 2023).

### I.   Introduction - Inaccuracies

Defendant did not "anticipate arming himself and travelling to Washington, D.C. to protest." Quite the opposite in fact. Defendant spent a significant amount of time researching the Washington, D.C. gun ordinance to ensure that he and Mr. Nalley were in compliance with the ordinance. *Trial Transcript,* Day 2, March 3, 2023, p. 240:7-14 and 283:10-13. In fact, there's even a social media post that the Government used as an exhibit at trial that indicates that Mr. Calhoun was very aware that guns in D.C. were "very illegal." *Government's Exhibit 408*, Bench Trial; *See also Government's Sentencing Memorandum,* p. 6. Additionally, Mr. Calhoun did not write about personally murdering anyone, and as he testified, much of his social media was trolling those that were

1

cyberstalking him. *Trial Transcript,* Day 2, March 3, 2023, pp. 221:13-25, 222:1-4, 287:16-24, 288:4-6, 289:3-6, and 302:11-17. Mr. Calhoun's actual life actions, and his actions on the Capitol grounds and in the Capitol building, clearly show that he had no intent to harm anyone.

Mr. Calhoun has accepted responsibility from the very beginning of his proceedings. He's said on numerous occasions that he thought the most he might be guilty of is a trespass, and that he was "pretty sure I know we couldn't have gone in." *Trial Transcript,* Day 2, March 3, 2023, pp. 248:13-25, 249:1-10, 270:11-13, and 298:5-7. Mr. Calhoun has always been honest that he was in D.C. on January 6th, that he was on the Capitol grounds and in the Capitol building. He posted pictures on his social media accounts of being inside the Capitol. This was prior to being charged and arrested. Those are not actions indicative of someone not taking responsibility for what he *did* do. Mr. Calhoun disagrees that he lied at trial. As he told the Court during his trial, he testified to certain things at previous hearings, but once he had the opportunity to review discovery files associated with his case, and study and research the charges to which he was indicted, he had a more informed position as to his guilt.

II.     **Factual Background – Objection and Inaccuracies**

Mr. Calhoun notes that much of the Government's statement of facts does not apply specifically to his case, nor his actions and conduct on January 6, 2021 on the

Capitol grounds and in the Capitol building. Additionally, Mr. Calhoun strongly objects to the Government having included in their memorandum any exhibits not previously admitted at trial. Admitting exhibits into the Court's record for consideration in his sentencing, without the Defendant having the opportunity to address and/or object to each exhibit individually, is unfairly prejudicial.

As Mr. Calhoun testified at trial, in his pre-January 6th social media posts, when he refers to the "Capital," he's referring to the Capital of the United States of America, Washington, D.C. *Trial Transcript,* Day 2, March 3, 2023, p. 294:23-25. Prior to January 6, 2021, he didn't know that he would be going to the Capitol building after Trump's rally. *Trial Transcript,* Day 2, March 3, 2023, pp. 229:17-23, 263:1-3, and 294:18-22. So, his pre-January 6th spelling of the "Capital," would be correct because he was referring to Washington, D.C., not the Capitol building. *Government's Sentencing Memorandum,* p. 4, footnote 3. Mr. Calhoun did not plan to disrupt the certification of the Electoral College vote by "storming the Capitol," "long before he came to Washington, D.C." *Id* at pp. 6-7.

Mr. Calhoun didn't claim to lack knowledge that he was unauthorized to be in the Capitol building, in fact, he said quite the contrary: **"pretty sure I know we couldn't have gone in."** *Trial Transcript,* Day 2, March 2, 2023, p. 298:5-7. Mr. Calhoun didn't agree that there was a line of police officers because to him, three police officers wasn't a "line" of police officers. *Id.* at p. 277:7-14. Mr. Calhoun himself did not push through any police officers. *Id.* at 279:18-19. Additionally, he denied seeing "barricades" and "breaks in

3

barricades" because he didn't consider bike racks to be "barricades." *Government's Sentencing Memorandum,* p. 13. He referred to barricades as "typically going to involve some type of fencing or something…at times it was just maybe officers standing there without any fence." *Trial Transcript,* Day 2, March 2, 2023, p. 272:20-25.

No matter what the Government wants to say Mr. Calhoun lied about, or knew about, or wrote about, what is 100% clear is that he walked onto the Capitol grounds without anything obstructing him from doing so, nor did he move anything out of his way to walk onto the Capitol grounds. There were already thousands of Americans on the Capitol grounds by the time he got there (which can easily be seen from his own video and photographic recordings). He walked through an open door into the Capitol building while police officers watched and made no attempt to stop him, or tell him to turnaround or not enter. He did not bring any weapons inside the Capitol, he didn't dress in combat gear, nor did he walk around chanting, yelling or screaming. He assaulted no one, he threatened no one, and he did not make physical contact with not one law enforcement officer. He touched nothing, he took nothing, he damaged nothing. He walked around, took some pictures and videos, and then left the building and left Washington, D.C. The Government is arguing that he intended to do all these corrupt and dangerous things upon arriving to the Capitol building, none of which did he do. None.

III.     **Sentencing Guidelines and Guidelines Analysis**

Mr. Calhoun noted his sentencing guidelines objections in his Objections to Presentence Report, ECF Doc. No. 169.

IV.     **Disparity Comparisons**

In order to justify its recommended 34-month sentence, the Government cites to other cases. Not surprisingly, their description of those cases in its Memorandum in this case is significantly more tepid than how it described those cases in the sentencing memorandums filed in the actual cases. Additionally, the acts of the Defendants as compared to Mr. Calhoun are not substantially similar.

Dated: July 28, 2023.

Respectfully Submitted,

 /s/ *Jessica N. Sherman-Stoltz*
Jessica N. Sherman-Stoltz, Esq.
Virginia State Bar #90172
Sherman-Stoltz Law Group, PLLC.
P.O. Box 69, Gum Spring, VA 23065
Phone: (540) 451-7451 / Fax: (540) 572-4272
Email: jessica@sslg.law

**CERTIFICATE OF SERVICE**

I hereby CERTIFY that on this the 28th day of July 2023, a true and correct copy of the foregoing *Defendant's Reply to the Government's Sentencing Memorandum* was filed with the Clerk of Court via the CM/ECF system, which will automatically send an email notification of such filing to all counsel of record.

    /s/ *Jessica N. Sherman-Stoltz*
Jessica N. Sherman-Stoltz, Esq.
Virginia State Bar #90172
Sherman-Stoltz Law Group, PLLC.